## LEE *vs.* BLOCK.

*Fourth Judicial District Court, June,* 1857.

### GENERAL DENIAL—DEMURRER.

A general denial puts in issue the material and express allegations of the complaint, and is a good plea.

A demurrer to the whole answer must be sustained or overruled; it cannot be sustained in part or overruled in part.

Demurrer to an answer.

Lee & Brewster brought suit against Block and Block upon a judgment obtained in the Circuit Court of Alabama, in this Court on the 1st of April, 1857, as the statute of limitations expired the next day.

The defendant pleaded a general denial, to which was added a plea of the statute of limitations similar to the case made in Bernheimer vs. King p. 106 ante.

To this the plaintiff demurred and the cause was submitted on the brief furnished in the case of Bernheimer vs. King.

*Harmon & Labatt,* for plaintiff.

*Crockett & Page,* for defendant.

HAGER, J.—This action is brought to enforce a judgment rendered Oct. 18, 1852, in a Circuit Court of the State of Alabama.

Defendants answer and make defense : 1st, By denying each and every allegation of the complaint; 2d, That the alleged cause of action did not accrue within two years next before the commencement of plaintiff's action.

To this answer plaintiffs demur generally, and allege as ground of demurrer that it does not state facts sufficient to constitute a defense to the action.

By the provisions of section 50 of the Practice Act, plaintiff may demur to the whole answer when it contains new matter, or to one or more of several defenses set up in the answer.

The first defense in the answer is well pleaded and puts in issue the

material and express allegations of the complaint. (Practice Act, section 46.)

The demurrer being to the whole answer, it must be sustained or overruled as to the whole answer, and therefore upon this issue I cannot proceed to consider the question raised by the 2d defense of the answer and intended to be presented—whether our statutes of limitation are a bar to a recovery in this action. Demurrer overruled.